DOCUMENTS TO. 42 USC § 1983

1). 42. U.SC § 1983

2). DEFENDANTS.

3). SUPPORTING FACTS OFF
   COUNT ONE. FIVE PAGES.

4) CONFIDENTIAL. INFORMATION.
   DISCLOSURE FORM.

# EXHIBIT A-7 Pages.

Deshawn Chappell
(Name)
SVSP-D2-211.P.O.Box 1050
(Address)
Soledad, CA 93960
(City, State, Zip)
G-58810.
(CDCR / Booking / BOP No.)

**FILED**

Aug 22 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        s/ shellyy        DEPUTY

# United States District Court
## Southern District of California

DeShawn Chappell
(Enter full name of plaintiff in this action.)

)
)
)
)                    Plaintiff,
)
)
v.                   )
)
N. McDowell, et. al.,
Lt. E. Davis.
Sgt. F. Aguilar
A.W. P. Messerli
(Enter full name of each defendant in this action.)
)
)
)
)
)
)        Defendant(s).
)
)

Civil Case No. **'22CV1241 JAH NLS**
(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

_____.

## B. Parties

1. <u>Plaintiff</u>: This complaint alleges that the civil rights of Plaintiff, De'Shawn.
Chappell_____, who presently resides at Salinas Valley St. Prison.
                                        (print Plaintiff's name)
                                        (mailing address or place of confinement)
P.O. Box 1050, Soledad, CA 93960._____, were violated by the actions of
the below named individuals. The actions were directed against Plaintiff at Iron Wood
State Prison._____ on (dates) 6/30/21, 7/30/21, and 9/17/21.
(institution/place where violation occurred)        (Count 1)    (Count 2)    (Count 3)

§ 1983 SD Form
(Rev. 8/15)

2. <u>Defendants</u>:  (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant <u>Warden N. McDowell</u> resides in <u>Ironwood St. Prison.</u>,
                (name)                      (County of residence) IONE
and is employed as a <u>CDCR Warden of ISP.</u>   . This defendant is sued in
                      (defendant's position/title (if any))

<u>his</u>/her ■ individual ■ official capacity.  (Check one or both.)  Explain how this defendant was acting under

color of law: <u>As CDCR state employee. He's responsible,</u>
<u>for the daily operations of Ironwood State</u>
<u>Prisons Correctional officials. Medical, MH, services.</u>

Defendant <u>Lt. S. Lopez.</u>    resides in <u>Ironwood St. Prison.</u>,
             (name)                     (County of residence) IONE.
and is employed as a <u>Rules Violation SHO of ISP.</u>.  This defendant is sued in
                      (defendant's position/title (if any))

<u>his</u>/her ■ individual ■ official capacity.  (Check one or both.)  Explain how this defendant was acting under

color of law: <u>He's the Senior Hearing officer of ISP.</u>
<u>B Yard. Program office. Hes responsible for My</u>
<u>Rules Violation Reports. Hearings & Dispositions.</u>

Defendant <u>Lt. N. Nunez</u>    resides in <u>Iron Wood St. Prison</u>,
             (name)                     (County of residence) IONE
and is employed as a <u>CDCR correctional Lieutenant.</u> This defendant is sued in
                      (defendant's position/title (if any))

<u>his</u>/her ■ individual ■ official capacity.  (Check one or both.)  Explain how this defendant was acting under

color of law: <u>He's Investigating Author of Confidential Doc &</u>
<u>Confidential Information. To be used in ~~Sentences~~ My</u>
<u>Rules Violations Reports to determine guilty/innocences</u>

Defendant <u>Lt. E. Davis.</u>    resides in <u>ISP. Ione, CA.</u>,
             (name)                     (County of residence)
and is employed as a <u>AD-SEG Placement Lt.</u>. This defendant is sued in
                      (defendant's position/title (if any))

<u>his</u>/her ■ individual ■ official capacity.  (Check one or both.)  Explain how this defendant was acting under

color of law: <u>He was the Lt. whom placed me in</u>
<u>AD-SEG. on A False RVR Change of Attempted</u>
<u>Murder. When I didn't commit the crime.</u>

Supporting Facts. Cont'd) Log #7103483)

1.) Officers V. Ayala Herrera) RVR # 3005(d)(1)
2) Sgt. F. Aguilar)          Specific Act Attempted murder)
3) Y. Touchton
4 F. Nago

1. officer V. Ayala in a concerted effort was also culpable in his actions of issuing the Knowingly falsely written Serious Rules Violation Report on June 30, 2021 written) Issued on July 14, 2021

2. Sgt. F. Aguilar. was responsible for writing and approving the Knowingly false RVR on 7/14/21 which caused plaintiff irreparable harm when he was complicit in having me falsely rehoused and placed in AD-SEG w/o any charges against me being issued for a Number of weeks. I was deprived of basic human Nessities, and my personal/Legal property for weeks. He showed a lack of care and concern by approving the false RVR specific Act Attempted murder. He Knowingly had reasonable Knowledge and acted with A culpable state of mind, when violating my due process 14th Amendment Rights & my rights to be protected from callous and Capricious acts of cruel and unusual punishment that was inflicted without a just cause Nor a probable cause.

Count (1) Attempted Murder. Log#7103483.

3. Officer Y. Touchton. acted with reasonable first hand Knowledge that plaintiff would be going to AD-SEG placement when he first Classified the false RVR Log#7103483 specific Act of Attempted Murder. on 7/14/2021 Causing me irreparable harm Knowingly. w/o any care and Concerns for the Safety of my Life, Health and Security or sustainable means of Survival in AD-SEG. Showing Deliberate Indifference To my safety & security as well as my life and my Health, my family visits and rehabilitation as it relates to family ties. and being able to communicate with them. He also was Culpable in causing me cruel and Unusual Punishment.

4. Officer F. Nago: acted with a culpable state of Mind when deploying a concerted effort to help all of the listed aforementioned defendants violate my 14th and 8th Amendment Rights To the U.S. Constitution. As he also had reasonable Knowledge of all that was being falsely alleged and failed to take any reasonalbe Actions to abate the bad situation. But rather allowed it to transpire causing plaintiff irreparable hurt and harm. Putting him in risk for future Harm.

2.

COUNT(1) CONCLUSION: Attempted Murder
Senior Hearing officer Lt. S. Lopez False
RVR Findings of "Not Guilty" was based on A
preponderance of evidence. The SHO elected
to dismiss the RVR Log# 7103483. Attempted
Murder. in the interest of justice due to insufficient
evidence and extenuating circumstances.
As per confidential Memorandum date July 1, 2021
there was insufficient evidence discovered to
charge plaintiff Chappell with. Attempted Murder.
As plaintiff had continuosly stated over and
over repeatedly and the SHO/CDCr did Not
believe him but rather chose to keep him
in AD-SEG. For NO OTHER REASON Than
to Inflict Personal mental, Physical, Moral and
Psychological Pain and Injure upon him
w/o cause or justification.
(1) Lt. Davis. (2) Sgt. F. Aguilar, (3) officer Y. Touchton
(4) c/o V. Ayala-Herrera, (5.) F. Nago, (6) N. Mc.Dowell
Warden. are all the proximate roots Causes
of the False RVR being drafted and the false
charges being levied against plaintiff predicated
upon a confidential Informants accounts of misinf-
ormation that was used to have plaintiffs civil
rights violated under the First, Fourteenth, Eighth
Amendments to the U.S. Constitution. Regard:

3.

Retaliatory / Retaliation / Due Process Rights
Violations. Under the First / Fourteenth and the
Eight Amendments To the U.S. Constitution.
Violation Date: June 30, 2021
Hearing Date: July 20, 2021
Log# 7103483. Specific Act: Attempted Murder.

I __Chappell, De'shawn__ , Swear under the Laws of the
State of California, on this _30_ day of _May_ , _2022_
That the foregoing is true and correct and as
to those matters I believe them to be true.
Sworn to on _30_ , _May_ , _2022_, at Salinas Valley
State Prison, Soledad, CA 93960.

Dated, 5·30·22

Signed, CHAPPELL, D

4.

Supporting Facts Count #2. Continued
Defendants in Count #2. Log # 7111972
Specific Act. 15 CCR § 3016(a) Division D. Under The
Influence of A Controlled Substance.

1. J. Gonzales
2. C. Martinez
3. G. Gasgonia
4. R. Johnson
5. V. Ayala Herrera
6. M. Ortega
7. H. Pelayo
8. J. Rocha
9. Sgt. C. Barrera
10. SHO. G. Ephion. Lt. Hearing Date 8/22/21
    Findings By CDO: Guilty.
11. AD-SEG-Placement Lt. Armando. Lopez
12. CDO. AW. P. Messerli.

Prospective Defendants Are all being sued
in their Individual / official Capacities
for acts alleged in this Complaint. For
1. Deliberate Indifference To my Need for
   Safety and Security, Liberty Interest
   Due Process Rights Violations, Retaliation
   & Failure to Protect me from arbitrary False
   RVR abusively progressive disciplinary action
                    1(a)

Findings of Guilt. Excessive punitive punishments. deployed out of race based Retaliation against plaintiff for him being found not guilty of a serious RVR. Log# 7103483. specific Act: Attempted Murder which was predicated on. Confidential Informant 1030 Reports: which were determined to be uncorrorated and dismiss in the interest of Justice as Justice so requires. In the RVR: Log# 7111972 which came about as A direct result of the aforementioned RVR Log# 7103483. specific Act: Attempted Murder. which was solely based on Vendictive and Malicious Retaliation by the officers named herein in count# 2. It was a concerted act of malicious. Race Based Retaliation lodged against plaintiff falsely for him telling the truth that he didn't have anything to do with the Attempted murder. No does plaintiff have any involvement with these two other false charges of. Being under The Influence of A Controlled Substance (via) spice RVR Log# 7111972 & Log # 7121123. specific Act: of Distribution of A Controlled Substance. with Numerous other CDCR official cnt 3.

1(b)

COUNT # 2: Under The Influence of A controlled substance RVR # 3016(a) Log # 7111972: First occurrence: Pursuant to 15 CCR § 3315 (B) Suspension of Privileged. First offense specifically state: 30 days suspension of my privileges credit Loss 90 days: Plaintiff avers that there were mitigating Factors w/o ommiting any wrong doings. As the RVR was A false one predicated on retaliation levied against plaintiff for correction staff /officials Named in COUNT(1) were complicit in filing falsecharges Knowingly In re: To: RVR Log# 7103483: Specific Act Attempted Murder whereas plaintiff was found NotGuilty By a preponderance of evidence as the information that was falsely used against him was. uncorroborated and the Confidential Informants Confidental Information Report 128-C Confidential 1030 Chrono was deemed uncorroborated and of (No USE) To the SHO. Due to plaintiff due diligence and being honesty forthcoming and truthful. He was found "NotGuilty." as he always asserted in innoce-Nce: Fastforwarding due to the outcome of Said False RVR. Log# 7103483. Specific Act Attempted Murder. Defendants wanted to violate my First / Fourtheenth Right Amendment Rights. By arbitrarily filing false 3016(a) charges

2.

Out of race based retaliation, and deployed
Retaliatory methods To prevent plaintiff from
prevailing against more false charges I was
told by the Asu / ISU captain that he wasn't
going to help me on the two proceeding
charges because I got away with the first
false RVR. Log # 7103483: specific Act: Attempted
Murder charge concocted by an Informant
whom had exhibited and deployed the same
pattern of tactics against plaintiff in the
past at Ironwood State Prison and beyond.
In Count # 2. RVR Log # 7121123 7111972 specific
Act: § 15 CCR § 3016(a) under the Influence of A
Controlled Substance which was Not tested Nor
were criminal prosecution charges filed. As
its A false charge used to discriminate and
retaliate against plaintiff who was employed
got family visits worked A good program stayed
clear of mind Altering components, hes Never
Used "SPICE" Nor did he do these agrigious
acts regarding Said RVR under the Influence
of A controlled Substance "Spice" Due to defendants
C/o H. Pelayo, officer J. Rocha, sergeant Sgt C. Barrera
False Narrative regarding RVR Log # 7111972
They showed A reckless Disregard for my life, health & Safety

3.

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated (1) Due Process Rights (Violation False RVR & Confidential) Cruel & Unusual Punishmnt. (E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

1) I.S.P. Warden Niel Mc. Dowell was responsible for his subordinate CDCR officials acts. of callously filing a false RVR alleging that I personally committed an act of Attempted Murder against another Human Being. He failed to protect me an innocent prisoner from his correctional officials. When they (1) Lt. S. Lopez ISP (2) Lt. N. Nunez ISP ISP (3) Lt. E. Davis Knowingly used Confidential Informants Information, against me. Pursuant to SB 1064 Senate Bill 1064, Confidential Informants Disclosures Form Memorandum date July 1, 2021. Identifying me Inmate Chappell as the person who committed the act of Attempted Murder. It was An uncorroborated 1030 Chrono, as Inmate Confidential Informants Information is, Not "credible" All of the above listed aforementioned CDCR officials had reasonalble first hand Knowledge that I plaintiff did not commit the infraction that was falsely written against me and the failed to take any reasonable actions to abate the False RVR from happening. As A root cause of plaintiff being housed in AD-SEG for a number of weeks w/o being charged with an Attempted Murder Crime. Nor was I involved in such a crime. All of these officials acted under the Color of State Law and Institutional Authority in their Individual and official Capacities, showing A Reckless Disregard for my Life, Health, Safety & Security and Deliberate Indifference to them. Cruel and Unusual Punishment. By placing me in AD-SEG & Subjecting me to unnecessaryly ill treatments and denials of basic things.

§ 1983 SD Form
(Rev. 8/15)

Count 2:  The following civil right has been violated: *Plaintiff, First, 14th Amend-*
*ments To the U.S. Constitution. Retaliation /Due Process Rights Vio*
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:  [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

A) The Constitutional Rights To Humane Conditions. Regard-
Conditions Of Confinements. There's cases that establish for
convicted inmates, the cruel and unusual Punishments.
Clause of the Eight Amendments imposes a duty on
prison officials to provide "humane conditions of con-
finement; officials must ensure that inmates receive
adequate, food, clothing, shelter and Medical care, and
must take "reasonable" measures to guarantee the safety
of inmates" Farmer V. Brennan, 511 U.S. at 832 quoting
Hudson V. Palmer, 468 U.S. 517, 526-27. 104 s. ct. 3194 (1984)

B) Deprivation of a Basic Human Need. Elements of A Cond-
itions. While thinking about Conditions of Confinement
Plaintiff focus is on the effect that a Condition has on
his health and Safety, Not the condition itself. However the
constitution does Not require officials to Manage
prisons in any particular way as stated that is Not
Plaintiffs focus, but rather. He's challenging such problems
only that has the effect of posing a substantial risk of
Serious harm to his health and Safety. The Serious harm
in Conditions cases is a deprivation (denial) of a basic
human need. Plaintiff was written up wrongfully with false
charges of 15 § 3016(a). Under The Influence of A Controlled
"SPICE" and found guilty of committing a RVR infraction, he
was placed in AD-SEG wrongfully and being deprived of A basic
human Need & exposesure to those deprivations of Basic Human
Needs was sufficiently Serious. The deprivation was so extreme
that it caused outside observers to react w/ suprise. As those RVRs
Were all predicated on Retaliation, Re: Attempted murder

§ 1983 SD Form
(Rev. 8/15)

4

1. Retaliation First Amendment Claims Rights Johnson V. Stovall, 233 F. 3d. 486, 489 (7th cir. 2000)(To state a ~~claim~~ cause of action for retaliation, a complaint need only allege a chronology of events ~~in either~~ from which retaliation may be inferred)
Family Relationships.

2. Due Process Rights 14th Amendment. The touchstone of due process is protection of the individual against arbitrary action of government (see)
Wolff v. Mc.Donnell, 418 U.S. 539, 558, 94 S. Ct. 2963 (1974. When prisoners have a liberty interest thats protected by the Due Process Clause, Prison officials "must" provide me with fair treatment.
Sandin v. Conner, 515. US. 472, 115 S. Ct. 2293 (1995) Under Sandin, prisoner's liberty is protected by due process in two situations. (1) one involves deprivations "so severe in kind or degree (or so removed from the original terms of confinement) that they amount to deprivations of liberty regardless of the terms of state Law Sandin, 515 U.S. @ 497 (conditions exceeding the
1.

sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force") The second situation in which Sandin recognizes prisoner's liberty includes cases in which the state has-as it may "under certain circumstances" created a liberty interest and deprivation of that interest. imposes atypical and significant hardship on the prisoner in relation to the ordinary incidents of prison Life.". JHOLt. J. wells, taking away my family visit for up to 10 years out of retaliations against me for me being found "NOT GUILTY" INRe: To an RVR Attempted Murder. False Drug Distribution & Sales Charges. An "atypical hardship and significant Hardship". One court has held that it is something significantly worse than "the most restrictive conditions that prison officials, exercising their administrative authority to ensure institutional safety and good order, routinely impose on inmates in an administrative segregation unit for various reasons, to have A liberty interest you must be subjected to conditions that are significantly worse than conditions in that prison.

2.

Supporting Facts
Count# 3  Log# 7121123 RVR
Specific Act: Sales And Distribution of Controlled substance.
CDCR Form 602 Log# 191801

Defendants Are being sued in their Individual &
official Capacities for their wrongful Acts and
ommissions in this cause of Action complaint
for their Culpable / culpabilities actions / inactions

1. ISU. Lt. G. Balbuena  10/28/22
2. Sgt S. Duran
3. Sgt. A Dohoda  Author of Confidential Document
   Dated 8/9/21 AIGI and 9/17/21 AIGI Sgt. Dohoda.
4. officer E. Nunez ISU. Confidential Memo was
   Authored By ISU officer E. Nunez on 8/20/21
   Incident Log# 27893. Distribution of A controlled
   Substance.
5. SHO Lt. J. Wells  11/13/21
6. CDO A.W. P. Messerli  11/16/21
7. J. Mongomery
8. S. Cardenas.
9. S. Gonzales
10. Lt. A. Lopez  11/9/21

Plaintiff avers that all of the named Defendants
Acted in a Concerted Effort to violate Plaintiffs.

3.

Constitutional First and Fourteenth Amendment
Claims Rights Re: Retaliation Re: Due Process
By them Knowingly with a culpable state of
mind deliberately violated plaintiffs rights. All
predicated on false Confidential Informants
Confidential 1030 128-C2 Chronos Alleging that
they personally witnessed me distributing
Controlled substances. And at one point they
alleged that the actually purchased drugs
from plaintiff. Plaintiff avers and realleges that
hes being wrongfully accused of criminal
activities without probable cause. These 3
Confidential Informants were incentivize
and had previously filed Confidential 1030
Chronos. IN Plaintiff Dismissed Log#7103483
specific Act Attempted murder. which was deemed
uncorroborate and dismissed in the interest
of Justice. Based on the preponderance of
Evidence. As they were false Confidentia
1030s. used to destroy plaintiff life. And
for Ironwood State Prison CDCR correctional
Employees and Admen officials. To arbitrarily
deprive plaintiff Basic Human Needs and
Deprived him of his family ties for 10 years
the maximum penalty of punishment. Due

4.

Solely to the facts at hand. He beat CDCR
officials on false charges brought against
him by 3 Confidential Informants whom All
had A known pattern of switching for what
appears to gain some benefit from filing false
Confidential 1030 Reports Plaintiff was rehoused
in AD-SEG w/o his own property and no
charges filed against him on the Attempted
murder. He was subjected to cruel and inhuma-
ne punishment visits taken, family visits taken
contact visits take no communication was
afforded to him all because of CDCR Informants
Pursuant to SB. 1064 Inmate Informants. Bill.
Which has been deemed non credible or Relable.
Plaintiff has always contended and has also
maintained his innocense. Hes been subjected
to constant ongoing cdcr correctional Staffs
abuse of authority, abuse of discretion, callous
and capriacous behavior and acts. showing Blatant
Disregards for his life, health Safety & security
He has long term irreparable harm and suffering
he hasnt seen his wife and Beloved children
since CDCR to his overall visits for 10 years. It's
unconstitutional venidictive, retaliatory based on
B false Confidential Informant 1030. And A Dismissed
RVR
5.

Dismissed Serious RVR 115. Attempted murder The drugs in question were allegedly Lab Tested and A DA referral was declined. No provisions of any Lab Test were issued to Plaintiff. Pursuant To CDCr.R. stands for Rehabilitation including specifically family ties and reunification as A pertinent part of Rehabilitation and support Network. Plaintiff has been arbitrarily had his Due Process Rights violated at every cost. No Air For No other reasons but to cause him irreparable harm and has put him at a Higher Risk for future Harm at the hands of CDCR state Employees Actors and Agents. They showed A disregard for plaintiff family reunification and support. His family visits were taken as A punitive measure to punish him and his beloved family members. All defendants were told about these violations levied against plaintiff so they've always had reasonable knowledge of my situation and failed to take/make corrective measures Subjectively. Objectively. They already knew of their subordinates behaviors and capricious Acts and failed to do anything to correct them Showing Deliberate Indifference And Failure To Protect

6.

Sales & Distribution of A Controlled Substance
1. Pursuant to Confidential Informants and Sources. Per CCR title 15 § 332 (ASU) 8/20/21 CDCR 1030 Confidential Disclosure Forms (Confidential Memos dated) 8/9/21) 8/20/21 9/17/21 CCR title 15 § 30(6(d) Spice is A Synthetic Cannilabinoid under Title 21 U.S. Code) controlled substance Act as A schedule (I) Controlled Substance Date of ASU-Placement was 9/9/21 Lt. A. Lopez (A) No confirmation that Spice was the causes of Multiple Inmates Death wit potential OD. No Lab results or conclusive Drug Test results. Log # 7/21/23

2. Under The Influence of a Controlled Substance. Violation Date. 7/30/21. Rule Violation # 30(6(a) Negative Test for controlled substance.

3. SHO Lt. G. Ephion Hearing officer 8/22/21

4. CDO AW. P Messerli 8/26/21, Charge Found Guilty By the preponderance of evidence.

7.

Count 3:  The following civil right has been violated: Failure To Protect From CDCR

State Peace officers Abuses of Authority, False RVR 115, Due Process
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:   [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

(See) Attachments A1-6 as Supporting Facts Thereto

**D.  Previous Lawsuits and Administrative Relief**

1.  Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case?  ☐ Yes  ☒ No.

If your answer is "Yes", describe each suit in the space below.  [If more than one, attach additional pages providing the same information as below.]

(a)  Parties to the previous lawsuit:
Plaintiffs: _____ N - A _____

Defendants: _____ N - A _____

(b)  Name of the court and docket number: _____ N - A _____
_____ N - A _____.

(c)  Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____ N - A _____
_____ N - A _____.

(d)  Issues raised: _____ N - A _____
_____ N - A _____
_____ N - A _____
_____ N - A _____
_____ N - A _____.

(e)  Approximate date case was filed: _____ N - A _____.

(f)  Approximate date of disposition: _____ N - A _____.

2.  Have you previously sought and exhausted all forms of available relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDCR Inmate/Parolee Appeal Form 602, etc.] ? ☐ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.  If your answer is "No", briefly explain why administrative relief was not exhausted.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

    1. An injunction preventing defendant(s):

From Filing False RVR confidential
Informants 1030 Reports and using them in RVR Hearings
To Dismiss All False RVRs Inre: To controlled substance uses and
Sales and Distribution of controlled sub based on 3. Confidential
Informants 1030s.

    2. Damages in the sum of $ 150.000 .

    3. Punitive damages in the sum of $ 50.000 .

    4. Other: Any other Damages The court deem just
and proper. All defendants Are being Sued in their .
Individual Capacity for acts Committed / official Capacity
For. Injuctive Relief

**F. Demand for Jury Trial**
For Do something & To
stop doing things

Plaintiff demands a trial by ☐ Jury ☒ Court.  (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge.  The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases.  Consent to a magistrate judge will likely result in an earlier trial date.  If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate
judge jurisdiction as set forth
above.

**OR**

☐ Plaintiff requests that a district judge
be designated to decide dispositive
matters and trial in this case.

_5·31·22_
Date

_CHAppell, D_
Signature of Plaintiff

Title 15 Case. I was placed in AD-seg for being A suspect in the Sales & Distribution of a controlled substance (spice) on B-yard I would like to challenge the Reliability of this (C-I) I was taken to AD-seg with ~~Two~~ other Inmates whom I have no conection to. This is the first part showing that the (C-I) is fabracating Infamation to I.S.U for his benefit Deflecting any & All Negative behavior on his behalf there is no evidece showing any thing. I feel this is retaliation and that I am being targeted to get me removed off of facility (B) this is the second time a (C-I) is fabracating Information on me upon coming to AD-seg the I.S.U captain Duenas stated that I got you off the first one but you are not going back on this one cuz I'm doing the Investigativn and this is the reason I stated this is retaliation. I've never par took in this type of Activity that I'm being placed in AD-seg for. It is evident that I.S.U is using this (C-I) to fabracate a story to just have me remove from B-yard This is a violation of my right's.

Action requested: that this Bogus 10:30 be droped and I be placed for transfer. cuz this is the second time I was placed in AD-seg. for something I didn't do and I just don't feel safe it feel's like all the cI0's is on the same page to get me I just don't feel safe here nomore now and would like to be put up for transfer, thank you.

X CHAPPell G-58810

8.22.21

This was my frist 602



This is the second time I got targeted over a confidential informent false accusation making me a easy target

## INSTRUCTIONS FOR FILING
## CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983
### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

(1) This complaint must be legibly handwritten or typewritten, and signed by the plaintiff. All questions must be answered concisely in the proper space on the form. Do NOT write on the back of any page. No citation of case or statutory authority is necessary.

(2) Additional pages not to exceed fifteen (15) in number may be included with the court approved form complaint, provided the form is completely filled in to the extent applicable in the particular case:   This limitation does not include exhibits.

(3) Upon receipt of a **fee of $400** ($350 statutory fee and $50 administrative fee) your complaint will be filed if it is in proper order. The $400 fee must be submitted with the complaint, not separately.

(4) If you do not have the necessary funds to pay the filing fee or cannot afford to pay for transcripts, counsel, appeal, or other costs connected with this civil action, you may request permission to proceed in forma pauperis, in which event you must execute a separate form provided by the Court, entitled "Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed In Forma Pauperis" setting forth information establishing your inability to pay fees or costs.

   IF YOU ARE A PRISONER, you must attach a certified copy of your prison trust account statements for the 6-month period immediately preceding the filing of the complaint per 28 U.S.C. § 1915(a)(2) or your motion to proceed in forma pauperis will be denied. Even if your motion to proceed in forma pauperis is granted, however, the Court may assess an initial partial filing fee at the time your action is file and the $50 administrative fee will be waived. After the initial partial fee is assessed, YOU WILL STILL OWE THE BALANCE OF THE $350 STATUTORY FILING FEE WHICH THE COURT WILL ORDER GARNISHED FROM YOUR PRISON TRUST ACCOUNT.

(5) When the complaint is fully completed, it must be mailed to:

**Clerk of U.S. District Court**
**333 West Broadway, Suite 420**
**San Diego, CA 92101**



CHAPPEll # G-58810
S.V.S.P. P.O BOX 1050
    D2·211
Soledad, CA, 93960

LEGAL MAIL

U.S District Court
333 west BROADWAY ste 4120
San Diego, CA, 92101

3

